IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Criminal No. 00-99 |
| ) | |
| ANTHONY COOPER   ) | |

**DEFENDANT'S UNOPPOSED MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) WITH CITATION OF AUTHORITY**

Defendant, Anthony Cooper, by his attorney, Jay J. Finkelstein, Assistant Federal Public Defender, respectfully files this Unopposed Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

1. Mr. Cooper was sentenced on October 4, 2001, to a term of imprisonment of 103 months for an offense involving cocaine base.

2. Subsequently, the United States Sentencing Commission amended §2D1.1 of the United States Sentencing Guidelines to decrease by two levels the offense levels applicable to specific weights of cocaine base (the "Crack Amendment"). The Crack Amendment became effective on November 1, 2007.

3. On December 11, 2007, the Sentencing Commission determined that the Crack Amendment would be retroactive effective March 3, 2008.

4.    On February 11, 2008, the Honorable Chief Judge Donetta Ambrose entered a standing order, appointing the Federal Public Defender for the Western District of Pennsylvania to represent any defendant sentenced in this district who might be eligible for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the retroactive application of the Crack Amendment.

5.    Title 18, § 3582(c)(2) provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

6.    Mr. Cooper's sentence was imposed pursuant to the range as computed under the United States Sentencing Guidelines.  His base offense level as computed under § 2D1.1 of the Guidelines for a crack cocaine quantity of more than 5 and less than 20 grams was 26.   Pursuant to U.S.S.G. §3D1.4, one additional offense level is added for a total combined adjusted offense level of 27.  Combined with a level reduction for acceptance of responsibility, it produced a

final offense level of 24.  With a Criminal History Category of V, Mr. Cooper's corresponding guideline range was 92 to 115 months.

    7.   After retroactive application of the Crack Amendment, Mr. Cooper's amended base offense level for the cocaine base count is 24.  After a three point reduction for acceptance of responsibility, combined with other Guidelines factors, his amended final offense level is 22.  With a Criminal History Category of V, Mr. Cooper's amended guideline range is 77 to 96 months of imprisonment.  Mr. Cooper's original sentence was slightly less than the middle of the applicable guideline imprisonment range.

    8.   Newly amended U.S.S.G. § 1B1.10(b)(2)(B) states that "[i]f the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate." U.S.S.G., § 2B1.10, comment. (n. 3) (March 2008).  Based on the amended guideline range of 77 to 96 months of imprisonment, a reduction to the middle end of the amended range results in a sentence of 86 months of imprisonment.

9.   According to the Bureau of Prisons' website, Mr. Cooper's current release date is November 10, 2009.  A reduction of 17 months would likely provide a release date of June 10, 2008.  Accordingly, Mr. Cooper respectfully requests that his sentence be vacated and that he be re-sentenced to a term of imprisonment of 86 months.  The government takes no position where within the new advisory guideline range the sentence should be imposed.

10.  The government consents to the granting of this motion.

11.  A proposed Order, in the form approved by the Administrative Office of the United States Courts, is attached.

WHEREFORE, for the foregoing reasons, the defendant, Anthony Cooper, respectfully asks this Honorable Court to vacate his sentence and that he be re-sentenced to a term of imprisonment of 86 months.

                                  Respectfully submitted,

                                  **s/ Jay J. Finkelstein**
                                  Jay J. Finkelstein
                                  Assistant Federal Public Defender
                                  PA Attorney I.D. No. 42943